IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ORLANDO MATTHEWS,<br><br>    Defendant. | CRIMINAL ACTION FILE NO.:<br><br>1:23-cr-00195-TWT-JKL |

## FINAL REPORT AND RECOMMENDATION

Defendant Orlando Matthews is charged in this case with unlawfully possessing eleven firearms as a felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e). [Doc 1.] The case is before the court on Matthews's Motion to Dismiss Pursuant to the Second Amendment [Doc. 39] and his Motion for Pre-Plea Presentence Report and Adjudication of ACCA Question [Doc. 40]. For the reasons that follow, it is **RECOMMENDED** that the motions be **DENIED**.

### MOTION TO DISMISS INDICTMENT

Matthews moves to dismiss the indictment on the grounds that 18 U.S.C. § 922(g)(1), which generally prohibits felons from possessing firearms, violates the Second Amendment under the standard set out in *New York State Rife & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022). Since filing his motion, however, the

Eleventh Circuit has reaffirmed its pre-*Bruen* holding in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), that § 922(g)(1) does not violate the Second Amendment. *See United States v. Dubois*, 94 F.4th 1284, 1291-93 (11th Cir. 2024). Because *Dubois* "conclusively forecloses" the argument § 922(g)(1) is unconstitutional post-*Bruen*, it is **RECOMMENDED** that Matthews's motion to dismiss [Doc. 39] be **DENIED**. *See United States v. Dunlap,* 2024 WL 2176656, at *2 (11th Cir. May 15, 2024) (per curiam).

## MOTION FOR EARLY PRESENTENCE REPORT AND RULING ABOUT THE APPLICATION OF THE ACCA

Matthews moves for (1) the early preparation of a presentence report ("PSR") and (2) a ruling about whether the Armed Career Criminal Act ("ACCA") will apply to this case if he is convicted of the charged offense.[1] [Doc. 40.] Matthews contends that three of the four prior convictions underlying the § 922(g)(1) charge were "guilty but mentally ill," but that it is "hopelessly ambiguous whether the ACCA applies to" such a conviction. [*Id.* at 1-3.] As a result, he maintains, this uncertainty makes it difficult for him to resolve his case because if the ACCA applies, the likely Guidelines range will be 15 years or more,

---

[1] Section 922(g)(1) imposes a maximum of ten years imprisonment. 18 U.S.C. § 924(a)(2). But under the ACCA, a defendant who violates § 922(g)(1) "shall be . . . imprisoned not less than fifteen years" if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1).

2

and if does not, the Guidelines range is much less than 15 years. [*Id.* at 3-4.] Matthews also contends that there is precedent for this procedure, namely in *United States v. Smallwood*, 1:13-CR-381-TCB-RGV, where the Court granted a motion for a pre-plea PSR. [*Id.* at 5.]

The undersigned heard legal argument from the parties at the pretrial conference. [*See* Doc. 41.] As explained at the hearing, the Court is sympathetic to Matthews's situation and appreciates that the application of the ACCA can present thorny legal issues. Even so, the Court fails to see how it can constitutionally render a decision at this juncture because the issue is not ripe.

The ACCA is a sentencing enhancement; it is neither an element of a 922(g)(1) offense nor a separate offense itself. *United States v. McGatha*, 891 F.2d 1520, 1525 (11th Cir. 1990). Because of this, courts, including this one, defer issues relating to the applicability of the ACCA until sentencing. *See United States v. Guffie*, No. 1:20-CR-86-ELR-JKL, 2021 WL 3573065, at *2 (N.D. Ga. June 28, 2021) (collecting cases)*, report and recommendation adopted,* 2021 WL 3566860 (N.D. Ga. Aug. 12, 2021); *see also United States v. Everett*, No. 1:17-CR-020-RWS-JKL, 2019 WL 6458425, at *9 (N.D. Ga. July 5, 2019), *report and recommendation adopted*, 2019 WL 4126657, at *2 (N.D. Ga. Aug. 30, 2019) (denying motion to dismiss § 924(e) enhanced penalty provisions without prejudice

3

to raising the issue at sentencing); *accord United States v. Elrod*, No. 3:15-CR-233-D, 2015 WL 5227831, at *2 (N.D. Tex. Sept. 8, 2015) (stating that Defendant's "arguments concerning § 924(e) are premature and can be addressed if he is convicted and the applicability of § 924(e) becomes an issue at sentencing").

The Constitution prohibits federal courts from issuing advisory opinions on legal issues that are not ripe. *See Carney v. Adams*, 592 U.S. 53, 58 (2020) (citing U.S. Const. Art. III, § 2). To determine whether the ACCA applies here would require the Court to assume, hypothetically, that Matthews has been convicted of the underlying charge in this case—a contingent event that may never occur. But "until he is convicted, any opinion about whether his prior conviction qualifies as a sentencing enhancement would be an improper advisory opinion." *United States v. Perry*, No. 1:22-CR-102-DAK, 2023 WL 2814691, at *1 (D. Utah Apr. 6, 2023) (declining to issue pre-conviction advisory opinion about sentencing enhancement in child pornography case); *accord United States v. Edwards*, No. 1:16-CR-081, 2017 WL 606768, at *2-4 (S.D. Ohio Feb. 15, 2017) (holding that "a determination as to whether the ACCA sentencing enhancement is applicable to Defendant . . . is, at this time, not fit for judicial review, nor does the hardship imposed upon Defendant warrant adjudication of an issue not otherwise ripe for decision); *United States v. Williams*, No. 15-CR-0185-PJS-BRT, 2015 WL 5638051, at *1 (D. Minn.

Sept. 24, 2015) (denying defendant's request for pre-conviction determination about whether conviction qualified as a crime of violence under the ACCA); *United States v. Ware*, 709 F. Supp. 1062, 1063 (N.D. Ala. 1989) (declining to issue pre-conviction ruling on applicability of sentencing guidelines to charges of unlawfully selling commodity cheese because "a sentencing question does not become ripe for consideration unless and until the defendant is actually convicted of one or more of the charges he faces"), *report and recommendation adopted, id*.

In addition to these constitutional considerations, there is a "practical problem" with issuing pre-conviction advisory opinions about the applicability of possible sentencing enhancements like the ACCA:

> In sentencing defendants, this Court routinely has to resolve factual and legal disputes, such as disputes over whether mandatory-minimum sentences apply or disputes over extremely important sentencing-guideline factors (such as the amount of drugs or financial loss for which a defendant is responsible). If this Court were to give [the defendant] the advisory opinion that he seeks, this Court would also have to issue dozens of similar advisory opinions every year. Even if the Constitution allowed federal courts to advise defendants how the Court intended to rule on sentencing disputes that may arise if the defendant is convicted, the Court would not have the time to engage in this practice.

*Williams*, 2015 WL 5638051, at *1.

The sole authority Matthews cites from this District, *United States v. Smallwood*, is distinguishable. In that case, the defendant simply asked the Court

5

to order a pre-plea PSR as to his criminal history, apparently because there was confusion about his prior convictions, and the government did not oppose the request. *See Smallwood,* docket entries 60 (motion), 62 (order). Significantly, the defendant did not ask the Court for an opinion about how those convictions would affect his potential sentence—which is the ultimate purpose of Matthews's motion.

In the end, Matthews is seeking an advisory opinion that the Constitution forbids this Court from issuing. And since Matthews seeks early preparation of a PSR solely to help litigate this premature issue, that request is also due to be denied. Accordingly, it is **RECOMMENDED** that the Court **DENY** Matthews's motion for a pre-conviction PSR and adjudication of the ACCA's applicability to his prior convictions.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Matthews's Motion to Dismiss Pursuant to the Second Amendment [Doc. 39] and his Motion for Pre-Plea Presentence Report and Adjudication of ACCA Question [Doc. 40] be **DENIED**.

I have now addressed all pretrial matters referred to me and have not been advised of any impediments to the scheduling of a trial. Thus, this case is **CERTIFIED READY FOR TRIAL**.

IT IS SO RECOMMENDED this 24th day of May, 2024.

_____
JOHN K. LARKINS III
United States Magistrate Judge